COPY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

CV-00-2940 WEXLER, J.

------------------------------------

ALAN AMRON and
AMRON DEVELOPMENT, INC.

    Plaintiffs,

  -against-

TRENDMASTER, INC. and TOYS R US, INC. and K-MART CORPORATION.

    Defendants.

------------------------------------x

CIVIL ACTION NO.

CV- -

**JURY TRIAL DEMANDED**

FILED
IN CLERKS OFFICE
DISTRICT COURT ED
LONG ISLAND OFFICE
★ MAY 23 2000 ★
P.M. 5/15/00
TIME A.M.

BOYLE, M.

## COMPLAINT
### JURISDICTION AND VENUE

1. This is an action under the patent laws of the United States, Title 35 U.S.C. This Court has jurisdiction under 28 U.S.C. Section 1338 (a). Venue in this district is proper under 28 U.S.C. Section 1391 and 1400 (b).

2. The basis jurisdiction for this case is a Federal question.

### PARTIES

3. Plaintiff, Alan Amron (hereinafter referred to as "**Amron**"), is an individual inventor residing at 77 Horton Place, Syosset New York 11791. He is the named inventor of United States Letters Patent No. 5,915,771 ("771 Patent"), **Exhibit A.** hereto.

4. Plaintiff, Amron Development, Inc. (hereinafter referred to as "Amron Inc.") is a corporation of the State of New York

and has a mailing address of Post Office Box 42 Woodbury, New York 11797. Amron Development, Inc. is the Assignee and owner of the '771 Patent.

5. Defendant, Trendmasters, Inc. (hereinafter referred to as "Trendmasters" is a corporation having offices at 611 North 10th Street, Suite 555, Saint Louis, MO 03101. Trendmaster does business in this District.

6. Defendant, Toys R Us, Inc. (hereinafter referred to as "TOYS"), has a store #6316 located at Route 110, Huntington Station New York 11746. Toys does business in this District.

7. Defendant, K-Mart Corporation (hereinafter referred to as "KMART"), has a store #7476 located at 1220 Old Country Road, Westbury, New York 11590. KMart does business in this District.

8. "Amron" has developed, designed and patented a wide variety of children's toys, and games, and licensed such toys to the toy industry. Among other inventions which Amron developed are a number of battery and air pressurized continuous stream water guns.

9. The Defendant, Trendmaster has made, offered for sale and sold toy water guns that infringe the '771 Patent. Such infringement by Trendmaster is direct infringement, contributory infringement and inducement to infringe.

10. The Defendants, "TOYS" and "KMART" have offered for sale, sold, and continue to sell, "Trendmaster" toy water guns that infringe the '771 Patent.

### BACKGROUND

11. In 1973 Amron invented, and patented, (U.S. Patent No. 4,022,350) the very first battery operated water gun toy, which thereafter changed the nature of the entire water gun industry.

12. That as a result of the commercial success of Amron's battery operated water guns in 1986 and the sale by others of Air pressurized water guns through 1999, the Defendant, Trendmaster began to embark upon a course of conduct to develop better water guns to participate in the billion dollar air pressurized toy water gun market.

13. Defendant, Trendmaster, invested hundreds of thousands of dollars for molds, marketing and promotion of its "Storm Water **Gun** models (i) **#31668 Lightning Force 1**   (ii) **#31669 Typhoon Force 2** (iii) **#31747 Cyclone Force 3**   (iv) **#31667 Monsoon Force 4** and (v) **#31671 Tsunami Force 5.**

14. As a result of the aforesaid conduct the Defendant Trendmaster was able to successfully enter into the high pressure toy water gun market.

### COUNT I -- INFRINGEMENT OF PATENT NUMBER 5,915,771

15. Plaintiffs incorporate the averment of paragraphs 1

through 14 as if fully restated herein.

**16.** The Defendants, Trendmaster, TOYS and KMART have, without a license, intentionally and willfully infringed the Amron '771 Patent. Upon information and belief, Trendmaster has sold such infringing water guns to, among others, Toys R Us, K-Mart, Wal-Mart, Kay Bee toys, E-Toys, Amazon.com, FAO Schwartz, Costco, Jewel Stores, CVS, Walgreen and every other major retail chains in the United States.

**17.** Plaintiffs Amron and Amron Inc. have been damaged by the Defendants Trendmaster, Toys R Us and KMART's acts of infringement. Upon information and belief the infringements by the Defendants were deliberate, wilful and malicious, with reckless indifference to Amron and Amron Inc.'s patent rights. Such infringement by the Defendants was without Amron or Amron Inc.'s consent and with full knowledge of the claims in the Amron '771 patent.

### COUNT II INCREASED DAMAGES

**18.** Plaintiffs incorporate the averment of paragraphs 1 through 17 as if fully restated herein.

**19.** The intentionally damaging and conspired actions of the Defendants, Trendmaster, Toys R Us and KMart was deliberate, wilful and malicious, with a bad motive and with reckless indifference to Amron & Amron Inc. and was done without any justification.

## PRAYERS FOR RELIEF

**WHEREFORE,** Plaintiffs demand judgement against the Defendants, Trendmaster, Toys R Us and KMART.

**A.** That the Defendants, Trendmaster, Toys R Us and KMART pay to Plaintiffs Amron and Amron Inc. damages based upon a reasonable royalty.

**B.** That the Amron Patent Number 5,915,771 be declared valid and infringed by the Defendants.

**C.** That judgement be entered for compensatory damages in favor of the Plaintiffs and against the Defendants, both jointly and severally, for no less than **TEN MILLION DOLLARS.**

**D.** That judgement be entered in favor of the Plaintiffs and against the Defendants, both jointly and severally, based on wilful infringement for treble damages in a sum of no less than **THIRTY MILLION DOLLARS.**

**E.** That judgement be entered in favor of the Plaintiffs and against the Defendants, both jointly and severally, for expenses, costs and attorney fees relating to this case.

**F.** That the court order such other and further relief as may be deemed by the Court to be just and proper under the circumstances.

|  |  |
|---|---|
| **Of counsel:** | **Plaintiffs counsel,** |
|  | _/s/ signature_ |
| **Eliot Gerber, Esq.** | ------------------------------ |
| Wyatt, Gerber & ORourke | **Scott Y. Stuart, Esq.** (SYS 3226) |
| 99 Park Avenue | Jaspan Schlesinger Hoffman LLP |
| 8th Floor | 300 Garden City Plaza |
| New York, NY 10016 | Garden City, NY 11530-3324 |
|  |  |
| (212) 681-0807 Phone | (516) 746-8000 Phone |
| (212) 681-0810 Fax | (516) 393-8282 Fax |

**Defendants,**

**Trendmasters, Inc.**
611 North 10th Street
Suite 555
Saint Louis, MO 03101

(314) 231-2250

    **And**

**Toys R Us, Inc,**
Jason MGR. Store #6316
Route 110
Huntington Station, New York 11746

(631) 423-6400

    **And**

**K-Mart** Corporation
Walter MGR. Store #7476
1220 Old Country Road
Westbury, NY 11590

(516) 683-8030

5,915,771

1

# PRESSURIZED TOY WATER GUN WITH SELECTIVE PRESSURIZATION

## FIELD OF THE INVENTION

The present invention relates generally to toy water gun systems having a pressurized receptacle and, more particularly, to guns employing a receptacle that is at least partially pressurized by a municipal water supply.

## BACKGROUND OF THE INVENTION

Water guns have for decades been a very popular child's toy. Since the toy industry is very competitive, hundreds of different style water guns have been developed in an attempt to profit from the toy's inherent popularity. The most traditional forms of water guns are activated by a pumping action, either manually through the trigger or automatically through a battery operated motor. Because the range and volume of water expelled in such water pistols is limited by the throw of the pistol trigger, relatively sophisticated water guns have been introduced for expanding both the range of water guns and the volume of the water stream that the water gun can produce. Typically, these guns work upon the principle of pressure differentials between the water held within the toy and the atmosphere. The water within the toy is subjected to a pressure higher than that of the ambient air. As a result, when the water within the toy is given an avenue of escape, the water will stream out under the pressure.

Prior art that shows pressure differential types of water guns are exemplified by U.S. Pat. No. 3,197,070 to Curtis F. Pead et al, which shows a water gun activated by tripping water in a collapsible area. As the device is collapsed, the pressure of the water builds, spraying the water out of the small orifice left within the pressured volume. Once the confined volume is fully collapsed, the re-expansion of the volume draws forth more water from a reservoir, thus priming the water gun for another cycle. The water being pressurized is limited to the volume of the collapsible volume. The Pead U.S. Pat. No. 3,197,070 invention cannot store pressurized water for use at a later time, nor can the pressure of the water be increased by cycling the pumping action of the invention while restraining water discharge.

U.S. Pat. No. 4,854,480 to Robert S. Shindo and U.S. Pat. No. 4,735,239 to Michael B. Salmon et al. both show toy water devices that use an elastic bladder to pressurize water. The bladders are filled with high pressure water, and the bladders respond by elastically deforming. The source of pressurized water is then removed and the water within the expanded bladder is held in place by a clamping device activated by a trigger. The water gun is used by selectively releasing the clamp, allowing the water to flow from the expanded bladder.

Water guns have also been developed that use air pressure to pressurize water and force water through squirt channel. Such toys that use air pumps to pressurize water are exemplified by U.S. Pat. No. 4,214,674 to Jones et al. which shows a two-piece apparatus consisting of a pressurized water reservoir and a discharging gun. Air is introduced into the water reservoir via a hand operated pump. The air pressurizes the water, forcing it up through the discharging gun, where the rate of discharge can be regulated by a trigger. U.S. Pat. No. 5,074,437 D'Andrade et al. also discloses a water gun that pressurizes water by establishing fluid communication between a water reservoir and an air reservoir, and providing means for pressurizing the air reservoir to expel water from the gun when the gun's trigger is pulled.

2

While pressurized water guns equipped with a hand operated pump, in particular, have enjoyed considerable commercial success, the need to repeatedly operate the pumping mechanism, often twenty five times or more, to achieve adequate air pressurization within the reservoir, present a challenge to the impatient user. Recognizing this deficiency, it has been proposed by Darling, in U.S. Pat. No. 5,366,108, to omit the air pressurizing mechanism in favor of a one-way valve so that a source of previously pressurized water, i.e., a municipal water supply, may be used to charge a receptacle that contains trapped air. While the Darling device advantageously enables the user to simultaneously combine the water charging and pressurizing steps, however, it is only useful where access to a municipal water supply is readily available. Accordingly, after the initial supply of pressurized water is exhausted, it can not be used at such locations as the beach, the playground, or like.

## SUMMARY OF THE INVENTION

Accordingly, it is an object of the present invention to provide a pressurized water gun device which is capable of advantageously utilizing a municipal water supply to pressurize a fluid stored in the receptacle thereof, when such a source of water is available.

It is yet another object of the present invention to provide an adaptor assembly by which any commercially available air pump-type water gun may be modified to obtain the aforementioned capabilities.

It is a further object of the present invention to provide a pressurized water gun device that enables the user to utilize a non-pressurized source of water, when such source is the only one available.

The aforementioned object, as well as others which will become apparent to those skilled in the art from the teachings set forth herein, are achieved by a water gun which utilizes an interface or adaptor assembly that includes a one-way valve to selectively charge a water reservoir tank with pressurized water from a municipal water supply.

A water gun constructed in accordance with an illustrative embodiment of the present invention comprises a housing and an extended handle connected to the housing. A barrel portion of the housing extends outwardly away from the handle. The water gun further comprises a nozzle having an orifice therethrough, the nozzle being affixed to the end of the barrel portion, and a high pressure, water storage reservoir having an orifice. An avenue of release connects the nozzle to the water storage reservoir, and a trigger is located on the housing adjacent the handle. A controlling means connected to the avenue of release regulates the flow of water and air through the avenue of release and a one-way valve assembly selectively establishes fluid communication between an external, pressurized water source and the water storage reservoir.

Since it is contemplated that a supply of pressurized water will not always be available, the water gun of the present invention further includes a pressuring means with air, slider, for pressuring the water storage reservoir with air. The pressuring means is preferably configured as an integral part of the water gun housing.

## BRIEF DESCRIPTION OF THE DRAWINGS

The details of the present invention, both as to its construction and operation, can best be understood in reference to the accompanying drawings, in which like numerals refer to like parts, and in which:

US005915771A

# United States Patent [19]

## Amron

[11] Patent Number: 5,915,771
[45] Date of Patent: Jun. 29, 1999

[54] **PRESSURIZED TOY WATER GUN WITH SELECTIVE PRESSURIZATION**

[75] Inventor: Alan Amron, Syosset, N.Y.

[73] Assignee: Amron Development, Inc., Syosset, N.Y.

[21] Appl. No.: 08/500,240

[22] Filed: Jul. 10, 1995

[51] Int. Cl.$^6$ ........................................ A63H 3/18
[52] U.S. Cl. .............................. 222/79; 222/401
[58] Field of Search .................. 222/79, 401; 446/405, 446/473

[56] **References Cited**

U.S. PATENT DOCUMENTS

5,074,439  12/1991  D'Andrade et al. ................ 222/79
5,366,108  11/1994  Darling ............................. 222/79 X

FOREIGN PATENT DOCUMENTS

9400210  1/1994  WIPO ............................... 446/473

Primary Examiner—Joseph A. Kaufman
Attorney, Agent, or Firm—Brian K. Dinicola

[57] **ABSTRACT**

A fluid-ejecting toy in which the fluid storage reservoir may be selectively charged either with pressurized water from a municipal water supply or, when a pressurized source of supply is unavailable, with unpressurized water that is subsequently pressurized within the reservoir via a manually operable pump. In an illustrative embodiment, the receptacle has a one way valve that allows only pressurized water to enter the receptacle. A variety of ways of charging the reservoir with unpressurized water may be employed. By way of example, the reservoir may be configured as a removable structure having a mating threaded engagement with an adapter incorporating the one way valve. The toy is provided with a manually operable pump for charging fluid received in an unpressurized condition.

17 Claims, 3 Drawing Sheets

